HENRY R. FARR *vs.* FREDERICK A. DUNSMOOR and another.

February 21, 1887.

**Suit by Husband to set aside Conveyance of Homestead obtained by Fraud.**—A married man, induced to consent to, and to unite in, the execution of a deed of real property belonging to his wife, including the family homestead, through the fraud and false representations of the grantee in the deed, may maintain an action to set the same aside.

At the trial of this action in the district court for Hennepin county, before *Young*, J., the court refused to allow plaintiff to introduce any evidence, holding that the complaint failed to state a cause of action. Judgment of dismissal was thereupon ordered and entered, from which the plaintiff appeals.

*Francis G. Burke*, for appellant.

*Stillman & Briggs*, for respondent Dunsmoor.

*Lane & Dodge*, for respondent Farr.

VANDERBURGH, J.   In granting the defendants' motion to dismiss on the trial, the court determined that, assuming the complaint to be true, it disclosed no ground entitling plaintiff to the relief asked, or any relief.   In this we think the court erred.   In connection with much superfluous matter, it appears, among other things, that the plaintiff and defendant Farr are husband and wife; that the title to certain real property in question here, and alleged to be the result of their joint earnings, was in the defendant Farr, a portion of it being the family homestead; that she has refused, without just cause, to continue to live with him, and has separated from him, and excluded him from the homestead premises; and that the defendant Dunsmoor, who was well advised of the state of the case between them, volunteered his services to effect a reconciliation, which he thereafter reported to plaintiff that he was unable to induce his wife to consent to, but represented to him that the defendant Farr was willing and desired to sell and dispose of the property, including the homestead, for their joint benefit, as soon as a purchaser could be obtained at a fair price; and that thereupon, by means of the further representa-

tions of defendant Dunsmoor set forth in the complaint, plaintiff was induced, in trust and confidence, to execute and deliver a deed running to him as grantee, covering all the property in question, upon the understanding and agreement that he was to retain the same in his hands until a purchaser could be procured satisfactory to the defendant Farr; that thereupon she was to execute the same, and then he was to convey the same as the mere agent or instrument to pass the title to such purchaser.

The complaint also shows that the defendant Dunsmoor afterwards procured the signature of the wife upon similar representations, and thereupon recorded the same, and proceeded to mortgage the premises for his own benefit, to secure his note for $5,000, without the knowledge or consent of the parties, or either of them, and for the purpose of defrauding them; that he appropriated the money so obtained to his own exclusive use and benefit, and claims to own and hold the property as his own, wholly in disregard of his alleged trust, and that he neither paid nor promised any consideration therefor. The plaintiff also alleges that all the statements and representations of Dunsmoor mentioned and set forth were false and fraudulent, and "were made for the purpose of obtaining said instrument, with the signature of the plaintiff thereto, and as a part of a matured plan on his part to swindle plaintiff and his said wife out of said land, which plan was pursued in the subsequent acts of said Dunsmoor as herein mentioned."

If these things are proved it is clear that the plaintiff, by virtue of his marital rights, would be entitled to proper relief as to Dunsmoor, placing the parties as nearly as may be *in statu quo*. The exact form of relief can be better determined after the hearing, if, upon the evidence under the issues, the plaintiff shall be found entitled to any.

Judgment reversed.